O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANTHA HARRIS, | ) | Case No. CV 07-05058 DDP (CTx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING IN PART AND** |
| v. | ) | **DENYING IN PART THE MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| LYNWOOD UNIFIED SCHOOL DISTRICT, RACHEL CHAVEZ, MARTINA RODRIGUEZ, MARIA LOPEZ, JOSE LUIS SOLACHE, ALFONSO MORALES, GUADALUPE RODRIGUEZ, DHYAN LAL, ROBERTO CASAS, DIANE LUCAS; ANIM MENER, MALCOLM BUTLER, | ) ) ) ) ) ) ) ) | [Motion filed on May 28, 2009] |
| Defendants. | ) ) | |

**I. BACKGROUND**

Plaintiff Jantha Harris, who is African American, has been employed by Defendant Lynwood Unified School District (the "District") since 1981 in various capacities. (Harris Decl. ¶¶ 2-6.) In 1999, Plaintiff began work as an assistant principal at Hosler Middle School. (Id. ¶ 6.) In July 2002, Plaintiff was demoted from assistant principal of Hosler Middle School to assistant principal of Washington Elementary School ("Washington"). (Id.) The person who replaced Plaintiff at Hosler was a Caucasian

woman who had not received a "certificate of eligibility" to seek an administrative position and had less time in the District than Plaintiff. (Id.)  In July 2003, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against the District for discrimination, based on this demotion. (Id. ¶¶ 6-7.) Two months later, in September 2003, Plaintiff was promoted to principal of Will Rogers Elementary School ("Will Rogers"). (Id. ¶ 8.)  Plaintiff was reappointed as principal of Will Rogers for the 2004-05 school year. (Id. ¶ 10.)

Plaintiff states that after she was reappointed as principal of Will Rogers, in Fall 2004, one of the teachers at Will Rogers named Rex Lopez began a "systematic and sophisticated campaign of racial harassment and intimidation against [her]." (Id. ¶ 18.) Lopez "incited and solicited Latino parents to go to the [District] Board," because the Board was "specifically engaged in a racist agenda against African-American employees." (Id. ¶ 21.)  During this time, Plaintiff states she suffered "intimidation and harassment," which she reported to the District's assistant superintendents and superintendent. (Id. ¶ 22.)  However, the District took no action and ignored the "racially charged situation." (Id. ¶¶ 24-25.)

The District demoted Plaintiff on June 28, 2005 (two years after her promotion) back to assistant principal of Washington, to the same position that had caused her 2003 complaint to the EEOC. (Id. ¶ 12.)  Plaintiff was replaced at Will Rogers by Malcolm Butler ("Butler"), an African-American man. (Id. ¶ 13; Statement of Uncontroverted Facts ("SUF") ¶ 10.)  According to Plaintiff, Butler had less experience than her and was hired from outside the

2

District. (Harris Decl. ¶ 14.)  Plaintiff filed charges with the California Department of Fair Employment and Housing's Equal Employment Commission ("EEOC") on July 28, 2005 in relation to her demotion and the conduct of Lopez.  (Supp. Harris Decl. Ex. 1.) Plaintiff filed suit on June 2, 2006.

On March 25, 2008, Plaintiff filed a Second Amended Complaint ("SAC") bringing the following claims against the District:

> 1) wrongful demotion based on race in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code ¶ 12940(a);
> 2) wrongful demotion based on retaliation in violation of FEHA § 12940(h);
> 3) failure to prevent retaliation in violation of FEHA § 12940(h);
> 4) failure to prevent harassment in violation of FEHA § 12940(k); and
> 5) racial discrimination and general deprivation of rights under Title VII, 42 U.S.C. § 2000e, <u>et seq.</u>

(SAC 7-14.)  Defendant moved for summary judgment on May 28, 2009. This Court requested supplemental briefing on the issue of exhaustion of administrative remedies on August 7, 2009, which the parties have submitted.  The Court now considers Defendant's motion.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  A genuine issue exists if "the evidence

3

is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. However, no genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**III. DISCUSSION**[1]

    A.   Exhaustion of Administrative Remedies

Administrative exhaustion is required before an employee can bring a complaint under FEHA or Title VII. Okoli v. Lockheed Technical Operations Co., 36 Cal. App. 4th 1607, 1613 (Cal. Ct. App. 1995); Jasch v. Potter, 302 F.3d 1092, 1094 (9th Cir. 2002).

The parties agree that Plaintiff filed her first charge with the EEOC in July 2003, and received a right-to-sue letter "soon after." (SUF ¶ 21.) Plaintiff concedes that any claims arising from her demotion and replacement at Hosler are time-barred by statute. See Payan v. Aramark Mgmt. Servs. L.P., 495 F.3d 1119, 1121-22 (9th Cir. 2007)(dismissing Title VII suit filed outside the statute of limitations after notice of right to sue); Cal. Gov. Code § 12960(b)(FEHA one-year statute of limitations).

Plaintiff's current claims are based on alleged racial harassment starting in Fall 2004 and discriminatory treatment based on her transfer and demotion in June 2005. Plaintiff filed her

---

[1] In her opposition, Plaintiff makes a number of objections to Defendant's conduct during discovery. As described in this Court's previous order of July 8, 2009, Plaintiff's objections stem from her failure to diligently prosecute discovery in this matter, rather than Defendant's conduct.

4

second EEOC charge on July 28, 2005 alleging racial discrimination and retaliation. Defendant argues that Plaintiff's Title VII claims should be limited to incidents in the 180 days before she filed her charge. This is incorrect. A plaintiff has 300 days after the alleged unlawful employment practice occurred to file an administrative charge under Title VII where a claimant "initially institute[s] proceedings with a State or local agency with authority to grant or seek relief from [an unlawful employment] practice." 42 U.S.C. § 2000e-5(e)(1).

Therefore, the Court finds that Plaintiff has exhausted administrative remedies with respect to her claims.

B.   Racial Discrimination under FEHA and Title VII

Discrimination claims under FEHA and Title VII are both analyzed under the McDonnell Douglas "three-stage burden-shifting test." Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 354 (Cal. 2000). Plaintiff must first establish a prima facie case of discrimination, which the employer may then rebut with evidence of a legitimate, nondiscriminatory rationale. Id. at 355-56. If the employer satisfies this burden, the plaintiff must prove that the employer's reasons are pretextual. Id. Accordingly, the plaintiff must provide evidence showing that the employer's intent or motive was discriminatory; and the ultimate burden of persuasion remains with the Plaintiff. Id. at 356, 383. However, where a defendant moves for summary judgment, as here, the framework is altered slightly. Defendant has the initial burden of proving either that Plaintiff has not established an element of her FEHA claim, or that Defendants have a legitimate, nondiscriminatory rationale for any adverse employment action. Avila v. Continental Airlines, Inc.,

165 Cal. App. 4th 1237, 1247 (Cal. Ct. App. 2008)(citing <u>Kelly v. Stamps.com Inc.</u>, 135 Cal. App. 4th 1088, 1098 (Cal. Ct. App. 2005)).

### 1. Prima Facie Case

In order to present a prima facie case under FEHA, Plaintiff must show that she is: 1) a member of a protected class; 2) performing competently in the position she held; 3) suffered an adverse employment action; and 4) that "some other circumstance suggests discriminatory motive." <u>Kelly</u>, 135 Cal. App. 4th at 1098 (citing <u>Guz</u>, 24 Cal. 4th 317).

Defendant first argues that Plaintiff was not performing competently in her position, because she did not visit classes "every day" as she was "directed." Defendant's evidence does not support this argument, and instead supports Plaintiff's argument that she was not required to visit classrooms every day, but only as necessary and appropriate. (<u>See</u> SGI ¶ 6.) Defendants further provide no evidence that this did not occur.

Therefore, Defendants have not met their burden of proving that Plaintiff has not established a prima facie case.

### 2. Legitimate Business Rationale and Pretext

Defendants next argue that there was a legitimate business reason to transfer Plaintiff. A legitimate business rationale must be "facially unrelated to [the] prohibited bias." <u>Guz</u>, 24 Cal.4th at 358. Defendant argues that Plaintiff was demoted because she was not performing competently at Will Rogers. Defendant provides two distinct bases for this assertion. First, Defendant argues that test scores at Will Rogers dropped in Plaintiff's first year and failed to raise in her second year - which Plaintiff does not

6

1  dispute.  Defendant also argues that parents complained about her
2  and circulated a petition to voice their complaints against her.
3  As neither reason is related to bias, Defendant has satisfied its
4  burden to "articulate" legitimate, non-discriminatory reasons for
5  Plaintiff's transfer.  See Villiarimo v. Aloha Island Air, Inc.,
6  281 F.3d 1054, 1062 (9th Cir. 2002).

7  　　　The burden then shifts to Plaintiff to demonstrate that
8  Defendants' charge of incompetence was a pretext for discrimination
9  based on race.  Aragon v. Republic Silver State Disposal, 292 F.3d
10 654, 664 (9th Cir. 2002).  There are two ways a plaintiff can prove
11 pretext: "(1) indirectly, by showing that the employer's proffered
12 explanation is unworthy of credence because it is internally
13 inconsistent or otherwise not believable, or (2) directly, by
14 showing that unlawful discrimination more likely motivated the
15 employer."  Chuang v. University of Cal. Davis, 225 F.3d 1115, 1127
16 (9th Cir. 2000)(internal quotation marks omitted).  These two
17 approaches may be used in "combination."  Id.  Additionally, a
18 plaintiff alleging disparate treatment does not need to produce new
19 evidence to prove pretext beyond what he or she used to demonstrate
20 a prima facie case, as long as this evidence "raises a genuine
21 issue of material fact regarding the truth of the employer's
22 proffered reasons."  Id.  Ultimately, however, Plaintiff must raise
23 a genuine issue as to whether discrimination "actually played a
24 role in the employer's decisionmaking process and had a
25 determinative influence on the outcome."  Hernandez v. Hughes
26 Missile Sys. Co., 362 F.3d 564, 568 (9th Cir. 2004)(internal
27 quotation marks and brackets omitted).
28

Plaintiff first points to the facts surrounding her demotion in 2002 and the District's response to her EEOC charge in 2003. Although these circumstances are outside the statute of limitations, they may be used to establish motive and provide a context for her present allegations. <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbara</u>, 344 F.3d 822, 832 (9th Cir. 2003). Defendant does not dispute any of these facts.[2] In 2002, Plaintiff was demoted from assistant principal of Hosler Middle School to assistant principal of Washington Elementary School. Her replacement at Hosler was a Caucasian woman, Theresa Neilson, who had not received a certificate of eligibility to seek an administrative position, and who had previously been promoted to assistant principal without any credentials for that position. One year later, only two months after Plaintiff filed a charge for racial discrimination with the EEOC, she was promoted to principal of Will Rogers. In 2003, the NAACP also appeared before the Lynwood Board to discuss racism within the district and specifically discrimination in its hiring practices. (Shoemaker Decl. Ex. 3 at 103.) Again, Defendant does not dispute these facts, which circumstantially suggest discriminatory motive.

Regarding Defendant's allegations that parents complained about her, Plaintiff provides the declaration of former Will Rogers teacher Jess Gatzek. Gatzek states that these complaints were essentially contrived and caused by Rex Lopez. (Gatzek Decl. ¶ 9,

---

[2] Defendant objects to this evidence on the grounds of relevancy. Plaintiff's evidence is relevant to her current claims for discrimination, because (for the purposes of this motion) it provides a background for those claims and implies discriminatory intent.

8

13.) According to Plaintiff, Lopez organized Latino parents against her with the goal of "promoting a racist agenda" and to harass her and destroy her reputation. (Harris Decl. ¶ 20.) Plaintiff states that District Assistant Superintendent Yvonne Contreras informed her that the District was aware the parents' complaints were based on his encouragement. (Id. ¶ 21, 23.) Plaintiff also states that these complaints were unrelated to her performance as a principal, and instead designed to provoke the District's Board against her. (Harris Decl. ¶ 20, 24.) In addition, Lopez conceded that he used the phrase "money, lawyers, and guns," which was directed at Harris as a threat, and considered inappropriate by his union. (Shoemaker Decl. Ex. 5 at 88; Gatzek Decl. ¶ 13.) Lopez was later transferred from Will Rogers, in response to this comment. (Gatzek Decl. ¶ 13.) Accordingly, granting Plaintiff all reasonable inferences, the Court finds that there is a genuine issue as to whether Defendant's stated rationale regarding complaints against Plaintiff were a pretext for race-based discrimination. Because Defendant may have realized these complaints were contrived and racially motivated, Defendant's willingness to use these as a basis for termination raises an inference of race-based discrimination - particularly in light of Defendant's other circumstantial evidence and her background treatment within the District.

    The Court also finds that Plaintiff has raised a genuine issue regarding discrimination as to Defendant's alternative reason for her demotion, which is that student test scores decreased in the two years she was principal. Plaintiff does not dispute these scores decreased or that test scores raised the year after she was

9

replaced. She also does not dispute that the person who replaced her, Malcolm Butler, was African American. Instead, Plaintiff argues that Butler was not qualified to replace her. She states that Butler did not have the same credentials that she did, had less time as an employee in the District, and had been fired from his previous position. (Id. ¶ 14.) Turnover of principals within the district is also relatively rare. For example, in 200 and 2001 the overall turnover of principals within the District was 14.5%. (Id. ¶ 27.) Plaintiff also points to the above evidence regarding the Board's use of contrived parental complaints, which raise an inference of discrimination, as well as statistical evidence showing a general decrease in African-American employees in the District. From 2001 to 2008, the hiring patterns within the district show that there has been a 28.7% decrease in African-American administrators such as Plaintiff and an 8.7% increase of Hispanic administrators, as well as an increase of 144 Hispanic teachers with a decrease of 2 African-American teachers. A member of the District's Board could not explain these statistics or why these trends had occurred.[3]

Defendant argues that Plaintiff's declaration is her only evidence, that it is "uncorroborated and self-serving," and therefore this cannot raise a genuine issue of material fact. Villiarimo, 281 F.3d at 1061. This is inaccurate. As described above, Plaintiff provides a background of conduct from 2002 and

---

[3] Plaintiff also argues that discriminatory intent is shown by the use of a racial pejorative by one member of the District Board in public in 2001, one month before she became a Board member. Plaintiff points the Court to no evidence to support this argument, other than an allegation from her complaint.

2003 that suggests discriminatory motive, direct evidence contradicting one of Defendant's reasons for her demotion, and circumstantial evidence contradicting the second. As such, granting all reasonable inferences to Plaintiff, the statistics of District hiring patterns have greater weight. See American Federation of State, County, and Mun. Employees, AFL-CIO (AFSCME) v. State of Wash., 770 F.2d 1401, 1407 (9th Cir. 1985)("The weight to be accorded . . . statistics is determined by the existence of independent corroborative evidence of discrimination.").

Finally, Defendant also argues that since the "same actor" (the District) promoted and demoted Plaintiff, no inference of discrimination should arise. See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271 (9th Cir. 1996)("[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive."). As described above, any inference of non-discrimination based on the District being the same actor is rebutted on this motion by Plaintiff's evidence.

Therefore, the Court finds that a genuine issue of material fact exists as to whether Defendant discriminated against Plaintiff by demoting her in 2005 in violation of FEHA and Title VII.

B.   Retaliation and Failure to Prevent Retaliation

A plaintiff establishes prima facie case of retaliation by demonstrating:  1) she engaged in protected activity; 2) that afterwards her employer subjected her to an adverse employment action; and 3) a causal link between the two. Morgan v. Regents of University of California, 88 Cal. App. 4th 52, 69 (Cal. Ct. App.

11

2001).  Defendant may rebut the prima facie case by presenting a legitimate business rationale, which the plaintiff may then overcome by showing the employer's rationale is pretext for retaliation.  Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1066 (9th Cir. 2003).

As described above, Defendants have articulated a legitimate business rationale for their decision to demote Plaintiff - incompetence.  While Plaintiff does rebut Defendants' argument as it applies to discrimination, Plaintiff does not argue or present evidence to rebut Defendants' legitimate business rationale as it applies to retaliation for protected activity.  In other words, Plaintiff fails to point the Court to any evidence which demonstrates that Defendants' rationale was a pretext for retaliation.

Therefore, as there is no issue of material fact, the Court finds that Plaintiff's claims for retaliation or failure to prevent retaliation fail as a matter of law.

    C.    <u>Failure to Prevent Harassment based on Race</u>

The elements of a claim of hostile environment harassment under FEHA are:  1) plaintiff belongs to a protected group; 2) plaintiff was subject to unwelcome harassment; 3) the harassment was sufficiently pervasive to alter the conditions of employment and create an abusive working environment; 4) the harassment was based on a protected category (here - based on race); and 5) respondeat superior.  Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 608 (Cal. Ct. App. 1989).  Furthermore, the harassment must be "sufficiently severe or pervasive" that it "alter the conditions of the victim's employment and create an abusive working

12

environment." Etter v. Veriflo Corp., 67 Cal. App. 4th 457, 463 (Cal. Ct. App. 1998).

In her brief, Plaintiff only points to one instance of harassment, which is the "guns" comment by Lopez. This is not sufficient to raise a genuine issue as to hostile work environment, because it only occurred once and was not in her presence. In order to raise a genuine issue as to harassment, a plaintiff must present evidence that his or her workplace was "permeated with discriminatory intimidation," Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993), such that it is "subjectively and objectively" abusive. Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995). In her declaration, Plaintiff also states that she suffered harassment because of the complaints about her instigated by Lopez, which she then reported to the District on several occasions. (Harris Decl. ¶¶ 21-26.) However, apart from the "guns" comment, the only conduct described by Lopez consists of vague accusations of harassment. In response to this harassment, a District assistant superintendent recommended that Plaintiff hold a series of three meetings with parents to discuss problems at the school. (Harris Decl. ¶ 22.) Harris also had to respond to 12 parent complaints that she considered frivolous and racially-motivated. (Id. ¶ 22.) Even assuming these complaints and meetings were frivolous, as a matter of law, that a school principal would be forced to respond to twelve parent complaints or supervise three meetings with parents cannot constitute racial harassment. No rational trier of fact could find that being forced to do these activities is subjectively or objectively abusive. Furthermore, a plaintiff cannot demonstrate harassment by "occasional, isolated,

13

sporadic, or trivial" conduct, but must show a "routine of a generalized nature." <u>Etter</u>, 67 Cal. App. 4th at 465 (internal citation and quotation omitted). No rational trier of fact could find that three meetings and twelve parent complaints, over the course of a school year, demonstrate harassment of a school principal.

Therefore, the Court finds that Plaintiff cannot state a claim for harassment. As Plaintiff cannot state a claim for harassment, her claim for failure to prevent harassment also fails.

**IV.  CONCLUSION**

For the above reasons, Defendant's motion is DENIED as to Plaintiff's claims for racial discrimination under FEHA and Title IV. Defendant's motion is GRANTED as to the remainder of Plaintiff's claims.

IT IS SO ORDERED.

Dated: September 3, 2009

_____
DEAN D. PREGERSON
United States District Judge